RULEY, JUDGE:
The claimant is the owner of a tract of land in Booth Creek, Taylor County, West Virginia. There is a house and a tool shed located on the land. The land is bordered by two county roads maintained by the respondent and two streams. The property lies below the level of the roads. Sometime in 1972, a culvert which passes under one of the roads was replaced. The claimant alleges that since that time, his property has been repeatedly flooded, because the new culvert was placed in a different position, causing the water to be diverted onto his land. The respondent denies that the new culvert was misaligned and that respondent in no way contributed to the water damages suffered by the claimant.
The claimant moved onto the property in 1965. He testified that between 1965 and 1972, he had never had any water damage. After the culvert was replaced, he has had water on his land two or three times a year. The water has flooded his tool shed, which is located several feet from the creek, as well as damaging the cement porch behind claimant’s home. Claimant seeks $20,000.00 in damages to the land and for loss of personal property.
John Jeffries, a heavy equipment operator employed by respondent, testified that he replaced the culvert in question. According to his testimony, the old culvert was replaced because it was rusted and caving in, making the road unsafe for vehicular traffic.
James M. Beer, II, an area maintenance engineer, made a study of the culvert. He stated that the new culvert had to be *447 in approximately the same place as the old culvert, because of the existence of two bridge abutments under the road. The abutments limit the area where the culvert can be placed. He further testified that from an engineering standpoint, the culvert is adequate to handle a 10-year storm. The problem is the natural drainage in the area and the fact that the stream above the culvert is unstable. Mr. Beer stated: “A 10-year storm, anything bigger, would really have no way of channeling itself to the culvert. It could go over the road just as easy as it could go through the culvert but you would have the problem no matter where you put the culvert because of the way the stream is.”
The respondent has a duty to maintain State roads and the culverts under State roads. In replacing the culvert in question, the respondent was performing the kind of routine maintenance with which it is charged. The Court cannot say, as a matter of law, that the respondent acted in a negligent manner when the culvert was replaced in 1972. The evidence indicates that the new culvert’s position was substantially the same as that of the old one. Other factors appear to be the source of the flooding. As we cannot find that the respondent acted negligently, the claim must be denied.
Claim disallowed.